UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LUCERO,<br>CDCR #V-33131,<br><br>                              Plaintiff,<br><br>vs.<br><br>S. ARMALE, Correctional Officer;<br>W. GILLIS, Correctional Officer,<br><br>                            Defendants. | Case No.: 3:17-cv-00957-BTM-RBB<br><br>**ORDER:**<br><br>**1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 5]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES AND FOR FAILING TO ALLEGE FEDERAL SUBJECT MATTER JURISDICTION PURSUANT TO Fed. R. Civ. P. 3, Fed. R. Civ. P. 8(a)(1)-(3) AND Fed. R. Civ. P. 12(h)(3)** |

JASON LUCERO ("Plaintiff"), currently incarcerated at California State Prison, Sacramento ("CSP-SAC"), and proceeding pro se, has filed a "Note to Court," which while not altogether clear, appears to allege two correctional officers at Richard J. Donovan Correctional Facility ("RJD") in San Diego refused to or failed to appropriately accommodate his medical disability while he was incarcerated there on June 25, 2016.

1

*See* ECF No. 1 at 1; 1-2 at 1-7. Plaintiff has since filed a supplemental document from CSP-SAC in which he claims the "CDCR has been trying to stonewall and prevent [him from] exhausting [his] appeal," (ECF No. 3 at 1), followed by a boilerplate Motion for Appointment of Counsel, which appears to have been submitted by a fellow inmate at CSP-SAC on his behalf (ECF No. 5).

Because Plaintiff is proceeding without counsel, the Court has liberally construed his "Note to Court" as an attempt to commence a civil action, and has assigned it Civil Case No. 3:17-cv-00957-BTM-RBB. *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

## I. Failure to Pay Filing Fee or Request IFP Status

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, and he has not filed a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews,* 493 F.3d at 1051.

## II. Motion for Appointment of Counsel

While Plaintiff has not sought leave to proceed IFP, he has filed a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 5). This Motion

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

appears to have been submitted by a fellow prisoner at CSP-SAC named Walley Tuuamalemalo, who claims Plaintiff has "mental health issues" and is being denied access to a law library at CSP-SAC.[1] *See id.* at 2, 4.

The Constitution provides no right to the appointment of counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for *indigent* persons in IFP cases, but this discretion is exercised only under "exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Applying these standards, the Court finds the appointment of counsel at this stage of the proceedings is unwarranted. First, as explained above, Plaintiff has not filed a Motion to Proceed IFP, along with a certified copy of his prison trust account activity for the 6-month period immediately preceding the filing of the Complaint or any affidavit sufficient to show he is indigent. *See* 28 U.S.C. § 1915(a) & (b). Second, while the Court finds, for the reasons explained below, that Plaintiff's initial pleadings fail to comply with FED. R. CIV. P. 3, 8, and 12(h)(3), a preliminary review of the exhibits attached, including copies of a CDCR 602 inmate appeal Plaintiff filed at RJD on June 26, 2016, in

---

[1] Plaintiff is cautioned that while the Clerk was directed to file the Motion for Appointment of Counsel submitted on his behalf by inmate Tuuamalemalo, *see* ECF No. 4, S.D. CAL. CIVLR 5.1.h provides that "[e]xcept as provided in the federal rules, or by leave of court, no document will be filed in any case by a person not a party thereto."

which he alleged to have been injured by RJD officials Armale and Gillis during a medical transport, *see* ECF No. 1-2 at 3-6, does not indicate Plaintiff is unable to articulate a factual bases for his claims; nor does it show a likelihood of success on the merits. *Palmer*, 560 F.3d at 970; *Terrell*, 935 F.2d at 1017.

For these reasons, Plaintiff's Motion for Appointment of Counsel (ECF No. 5) is DENIED.

## III. Initial Review of Plaintiff's Pleadings

"The first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, FED. PRAC. & PROC. CIV. § 1052 (3d ed. 2002 & Supp. 2014); FED. R. CIV. P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Pursuant to FED. R. CIV. P. 8(a), every complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," ... (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a)(1)-(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, while it appears from the exhibits attached to Plaintiff's initial pleading (ECF No. 1-1 at 1-11), as well as from his subsequent filings (ECF Nos. 3, 5), that he may *wish* to file a civil rights action challenging the conditions of his confinement at RJD in June 2016, or the denial of reasonable accommodations based on a disability, none of his current pleadings allege subject matter jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343(a)(3) or 42 U.S.C. § 12132. *See Watson v. Chessman*, 362 F. Supp. 2d

1190, 1194 (S.D. Cal. 2005) ("The court will not ... infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged."). Thus, because Plaintiff's pleadings fail to allege federal jurisdiction or "state[] a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), his action must be dismissed. *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter as practicable, any civil action brought by a prisoner seeking redress from a governmental entity, officer or employee," and its requirement to dismiss complaints or any portion thereof that are "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b)).

Because Plaintiff is proceeding without counsel, however, and his submissions suggest he desires to initiate a civil action pursuant to 42 U.S.C. § 1983 and/or the ADA, 28 U.S.C. § 12132, related to his treatment at RJD on June 25, 2016, the Court will sua sponte grant him an opportunity to amend. As noted above, however, Plaintiff's Amended Complaint must comply with Federal Rule of Civil Procedure 8. "Each allegation [in a pleading] must be simple, concise, and direct. No technical form is required." FED. R. CIV. P. 8(d)(1).

In addition, Plaintiff is cautioned that if he files an Amended Complaint, it will be subject to an initial sua sponte screening and that it will be dismissed pursuant to 28 U.S.C. § 1915A(b) (because he is a prisoner) or 28 U.S.C. § 1915(e)(2) (if he files a motion to proceed IFP) for failing to state a claim unless it contains factual matter sufficient to plausibly show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *Campbell v. Washington Dep't of Soc. Servs*., 671 F.3d 837, 842 n.5 (9th Cir. 2011). "Because vicarious liability is inapplicable to ... § 1983 suits," he must also plead that each Government-official defendant he wishes to sue,
///

5

3:17-cv-00957-BTM-RBB

"through the official's own *individual* actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "Under this rule, a claim must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of the cause of action.'" *Sheppard v. Evans & Assoc.,* 694 F.3d 1045, 1048 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To state a claim based on the denial of medical care, Plaintiff must allege facts which plausibly show that each individual correctional official at RJD named as a party acted with deliberate indifference to serious medical needs. *See, e.g., Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). To the extent he seeks to claim the denial of a reasonable accommodation under the ADA, Plaintiff must allege: "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs or activities, and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

## IV. Conclusion and Order

For the reasons explained, the Court:

(1) **DENIES** Plaintiff's Motion for Appointment of Counsel [ECF No. 5];

(2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 filing fee required by 28 U.S.C. § 1914(a), failure to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and his failure to file a Complaint which alleges federal subject matter jurisdiction pursuant to FED. R. CIV. P. 3, 8(a)(1)-(3), and 12(h)(3);

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by: (a) prepaying the entire $400 civil filing fee in full; *or* (b) completing and filing a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint, *see*

6

28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); *and* (c) filing an Amended Complaint that conforms with Rule 8; and

(4) **DIRECTS** the Clerk of Court to provide Plaintiff with this Court's: 1) form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*" and its 2) form "Complaint under the Civil Rights Act pursuant to 42 U.S.C. § 1983" for Plaintiff's use and convenience. If Plaintiff chooses to proceed with a civil rights action pursuant to 42 U.S.C. § 1983, he must title his new pleading as his "First Amended Complaint," include Civil Case No. 17-cv-00957-BTM-RBB in its caption, and otherwise comply with FED. R. CIV. P. 10(a), by *naming* each individual party he wishes to sue.[2]

If Plaintiff fails to comply with these directions within the time provided, a final judgment of dismissal without prejudice will be entered closing this case.

**IT IS SO ORDERED**.

Dated: August 14, 2017

_____
Hon. Barry Ted Moskowitz, Chief Judge
United States District Court

---

[2] The Court has previously accepted Plaintiff's documents for filing despite his failures to comply with its Local Rules because he is proceeding without counsel. *See, e.g.,* ECF Nos. 2-4; *Karim-Panahi,* 839 F.2d at 623. Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987). Therefore, Plaintiff is also cautioned that S.D. Cal. Local Civil Rule 83.9 provides that "attorneys or parties to any action must refrain from writing letters to the judge," and that any additional miscellaneous documents he submits in violation of the Court's Local Rules may be rejected for filing, and/or filed, but not addressed by the Court.