UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LUCERO,<br>CDCR#V-33131,<br><br>                        Plaintiff,<br><br>      vs.<br><br>S. ARMALE, Correctional Officer;<br>W. GILLS, Officer,<br><br>                      Defendants. | Case No.: 3:17-cv-00957-BTM-RBB<br><br>**ORDER:**<br><br>**1) CONSTRUING AMENDED COMPLAINT AS CIVIL RIGHTS ACTION PURSUANT TO 42 U.S.C. § 1983**<br><br>**AND**<br><br>**2) ORDERING PLAINTIFF TO EFFECT SERVICE OF AMENDED COMPLAINT OR REQUEST U.S. MARSHAL SERVICE PURSUANT TO Fed. R. Civ. P. 4(c)(3)** |

      JASON LUCERO ("Plaintiff"), while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"), and proceeding pro se, filed a "Note to Court" which while not altogether clear, appeared to allege two correctional officers at Richard J. Donovan Correctional Facility ("RJD") in San Diego refused to or failed to appropriately accommodate his medical disability while he was incarcerated there on June 26, 2016. *See* ECF No. 1 at 1; 1-2 at 1-7. Plaintiff also filed a supplemental document from CSP-

1 | SAC in which he claimed the "CDCR ha[d] been trying to stonewall and prevent [him
2 | from] exhausting [his] appeal," (ECF No. 3 at 1), followed by a boilerplate Motion for
3 | Appointment of Counsel, which appeared to have been submitted by a fellow inmate at
4 | CSP-SAC on his behalf (ECF No. 5).

## I. Procedural History

Because Plaintiff is proceeding without counsel, the Court liberally construed his initial "Note to Court" as an attempt to commence a civil action, and assigned it Civil Case No. 3:17-cv-00957-BTM-RBB. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

On August 14, 2017, however, the Court denied Plaintiff's Motion for Appointment of Counsel and dismissed the case without prejudice because: (1) he failed to either pay the $400 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, or file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a); and (2) his Complaint failed to comply with Federal Rules of Civil Procedure 8(a)(1)-(3) and 12(h)(3). *See* ECF No. 6 at 4-6. The Court provided Plaintiff with a short and plain statement of his pleading deficiencies, however, and granted him 45 days leave in which to pay the full civil filing fee *or* move to proceed IFP *and* to file an Amended Complaint. *Id.* at 6-7; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted).

Plaintiff did not comply within the time provided. But on January 9, 2018, he submitted an Amended "Civil Rights Complaint per 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)" (ECF No. 8), which the Court directed the Clerk to file in light of his pro se status, and despite

///

its untimeliness (ECF No. 7).¹

Ten days later, on January 19, 2018, Plaintiff filed a Declaration informing "the Court Clerk that [he] w[ould] not be filing [his] case IFP," and would instead "be able to pay [the] filing fee in full as soon as [a] check … deposited to [his] prison account clears." *See* ECF No. 9 at 2.

On February 5, 2018, Plaintiff filed a notice of change of address indicating that he was being "moved from place to place," and therefore, requested that any mail from the Court be forwarded to his friends in Corona, California (ECF No. 10).²

Finally, on March 5, 2018, Plaintiff paid the $400 civil filing fee (ECF No. 11). Plaintiff has not, however, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P. 4(a), nor has he yet to request that the Clerk issue a "properly completed" summons for his use in serving the Defendants named in his Amended Complaint. *Id.* "A summons must be served with a copy of the complaint," and the "plaintiff is responsible for having the summons and complaint served within the time [90 days] allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1).³

---

¹ Plaintiff's Amended Complaint was mailed from, and included, a return address at Salinas Valley State Prison ("SVSP"), in Soledad, California. *See* ECF No. 8 at 1, 24. Therefore, while Plaintiff did not file a formal notice of change of address as is required by S.D. Cal. CivLR 83.11.b, on January 9, 2018, the Court sua sponte directed the Clerk of Court to update Plaintiff's address from CSP-SAC to SVSP in the docket. *See* ECF No. 7 at 1.

² As of the date of this Order, Plaintiff remains incarcerated at SVSP. *See* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=V33131 (last visited March 7, 2018).

³ If Plaintiff were granted leave to proceed IFP, "the officers of the court [would] issue and serve all process." 28 U.S.C. § 1915(d). In a non-IFP case, however, the plaintiff must either serve his own summons and complaint, or file a written request "that service he made by a United States Marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

## II. Screening of Amended Complaint pursuant to 28 U.S.C. § 1915A

### A. Standard of Review

Regardless of service or IFP status, however, Plaintiff was a prisoner at the time he filed both his original and Amended Complaints. "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1915A(c). *See also Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).[4]

Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient

---

[4] A similar screening would be required if Plaintiff were proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

In his Amended Complaint, Plaintiff claims Defendants S. Armale and W. Gills, both alleged to be correctional officials at RJD, violated his Eighth and Fourteenth Amendment rights while he was incarcerated there on June 26, 2016. *See* ECF No. 8 at 1-3. Specifically, Plaintiff claims that at that time, he required a wheelchair, and was "part of the prison[']s ADA [Americans with Disabilities Act] patient program." *Id.* at 2. On June 26, 2016, Plaintiff claims he reported chest pain, was "pulled out of his cell, and escorted to the prison hospital." *Id.* at 3. After he was medically cleared, Plaintiff claims Defendants Armale and Gills refused his request for his "doctor prescribed wheelchair," and during the escort back to his cell, both Defendants used "physical force by grabbing[,] shoving and/or pushing" him, and forced him to walk 1/8 mile on a "torn ligament ankle injury." *Id.* at 2. Plaintiff claims Armale and Gills' actions were "crude and sadistic," caused him "serious pain," "severe bru[i]sing, split tissue," swelling, and "non-stop bleeding." *Id.* at 2-3.

Plaintiff seeks injunctive relief preventing Defendants from "attacking" him with "retaliatory measures," including interference with his access to the court, as well as

///

///

5

$515,000 in general and punitive damages.[5] *Id.* at 5.

    C.    <u>*Bivens*</u>

As a preliminary matter, the Court notes Plaintiff's Amended Complaint was filed pursuant to *Bivens*; however, both of the named Defendants are alleged to be correctional official employed by RJD, and are not alleged to have violated Plaintiff's constitutional rights under color or *federal* law. *See* ECF No. 8 at 1.

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, __ F.3d __, 2018 WL 740184 at *4 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).

///

---

[5] Because Plaintiff is no longer incarcerated at RJD, where he alleges to have been injured on June 26, 2016, and where he claims Defendants Armale and Gills were employed, any injunctive relief he seeks related to Defendants' actions have been rendered moot as a result of his subsequent transfers. *See Andrews v. Cervantes,* 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")). And while exhibits attached to Plaintiff's Amended Complaint suggest he has experienced difficulties accessing his "personal property including legal materials" as a result of his having been transferred at least twice since his claims at RJD arose in 2016, he has alleged no access to courts violations against Defendants Armale or Gills, and no CSP-SAC or SVSP officials have been named as parties to this suit. *See Zepeda v. U.S. Immigration Serv.,* 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Thus, because "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*," *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991), and pro se pleadings are subject to liberal construction, the Court will construe Plaintiff's Amended Complaint as if it were filed pursuant to 42 U.S.C. § 1983. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (noting court's duty to construe pro se prisoner's pleadings liberally when screening complaints pursuant to 28 U.S.C. § 1915A) (citation omitted); *cf. Navarette v. Pioneer Med. Ctr.,* No. 12CV0629 WQH DHB, 2012 WL 4178682, at *3 (S.D. Cal. Sept. 17, 2012) (liberally construing prisoner's § 1983 Complaint to instead arise under *Bivens* because Plaintiff claimed violations of his civil rights by a federal actors).

D. 42 U.S.C. § 1983

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Here, Plaintiff claims Defendants Armale and Gills were employed and were acting in their official and individual capacities as RJD correctional officials when they allegedly forced, grabbed, shoved, and/or pushed him to walk 1/8 mile with a torn ankle ligament. *See* ECF No. 8 at 2-3; *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006) (noting that while there is no "'rigid formula' for determining whether a state or local law official is acting under color of state law …[,] [s]tate employment is generally sufficient to render the defendant a state actor.") (citations omitted).

Therefore, the Court need only consider whether Plaintiff's Amended Complaint "contain[s] sufficient factual matter" to demonstrate that "each Government-official defendant, through [his] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 678.

///

///

7

3:17-cv-00957-BTM-RBB

E. Eighth and Fourteenth Amendment Claims

As noted above, Plaintiff claims Defendants Armale and Gills violated both his Eighth and his Fourteenth Amendment rights on June 26, 2016, by "crue[lly] and sadistic[ally]" pushing, shoving, and "forcing" him to walk "1/8 of a mile on a doctor[-]noted torn ligament ankle injury," and without his wheelchair. *See* ECF No. 8 at 2.

"Where an amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior,' it is that Amendment that 'must be the guide for analyzing the complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). Therefore, because Plaintiff was incarcerated at RJD at the time his claims arose, it is the Eighth Amendment's proscription on cruel and unusual punishments, and not "the more generalized notion of 'substantive due process,' [that] must be the guide for analyzing [his] claims." *Albright*, 510 U.S. at 273 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Campos v. City of Merced*, 709 F. Supp. 2d 944, 960 (E.D. Cal. 2010) (finding arrestee's reference to his right "to be free from summary punishment without due process" was properly considered under the Fourth Amendment's reasonableness standards); *see also Murillo v. Rucker*, No. 3:12-CV-2642 WQH WVG, 2013 WL 5670952, at *5 (S.D. Cal. Oct. 15, 2013) (analyzing prisoner's "forced x-ray" claims to arise under the Eighth, rather than the Fourteenth Amendment).

As currently pleaded, the Court finds Plaintiff's Amended Complaint contains Eighth Amendment claims sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm* 680 F.3d at 1123; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *see also*

8

*Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013); *Jackson v. Yates*, No. 1:11-CV-00080-LJO, 2014 WL 6685001, at *6 (E.D. Cal. Nov. 25, 2014) (finding triable dispute as to prisoner's Eighth Amendment excessive force claims of having been "dumped … out of [his] wheelchair" and dragged across the "concrete ground." *report and recommendation adopted*, No. 1:11-CV-00080-LJO, 2015 WL 150741 (E.D. Cal. Jan. 12, 2015); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (an officer's failure to intervene and protect can violate a prisoner's Eighth Amendment rights); *accord Davis v. Kissinger*, 465 F. App'x 715 (9th Cir. 2012); *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (prison officials have a duty under the Eighth Amendment "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners.") (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).

Therefore, because Plaintiff is *not* proceeding IFP in this case, he remains responsible for effecting service of the summons and his Amended Complaint (ECF No. 8) upon Defendants Armale and Gills within the 90 days permitted by Fed. R. Civ. P. 4(m). *See* Fed. R. Civ. P. 4(c)(1). The Court considers the Rule 4(m) clock tolled while it screens a prisoner's complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **CONSTRUES** Plaintiff's Amended Complaint as a civil rights action filed pursuant to 42 U.S.C. § 1983; and

///

///

9

3:17-cv-00957-BTM-RBB

2) **ORDERS** Plaintiff <u>within 45 days of the date of this Order</u> to either:

    a)     File a written request that the Clerk issue a summons as to Defendants Armale and Gills, so that he may effect service upon them within 90 days from the date the summons is issued pursuant to Fed. R. Civ. P. 4(b), (c)(1), and (m), ***or***

    b)     File a written request that the Court order service upon Defendants Armale and Gills be effected on his behalf by a United States marshal or deputy marshal pursuant to Fed. R. Civ. P. 4(c)(3).

If Plaintiff fails to comply with this Order within 45 days, the Court will dismiss the case without prejudice based on his failure to serve and/or prosecute pursuant to Fed. R. Civ. P. 4(m) and S.D. Cal. CivLR 41.1(a).

**IT IS SO ORDERED**.

Dated: June 20, 2018

_____
Hon. Barry Ted Moskowitz, Chief Judge
United States District Court