1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| JASON LUCERO, CDCR #V-33131, | Case No.: 3:17-cv-00957-BTM-RBB |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **1) DENYING RENEWED MOTION TO APPOINT COUNSEL [ECF No. 17]** |
| S. ARMALE, Correctional Officer; W. GILLIS, Officer, | |
| Defendants. | **AND** |
| | **2) GRANTING MOTION FOR U.S. MARSHAL SERVICE PURSUANT TO Fed. R. Civ. P. 4(c)(3) [ECF No. 15]** |

Jason Lucero ("Plaintiff"), currently incarcerated at Salinas Valley State Prison, is proceeding pro se in this case, and has filed an Amended Complaint against two correctional officers at Richard J. Donovan Correctional Facility ("RJD") in San Diego. *See* ECF No. 8. Unlike most prisoners, Plaintiff is *not* proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)—he has instead prepaid the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a). *See* ECF Nos. 9, 11.

///

1

On June 21, 2018, the Court screened Plaintiff's Amended Complaint sua sponte as required by 28 U.S.C. § 1915A, and liberally construed his claims to arise under 42 U.S.C. § 1983, as opposed to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because he alleges Defendants Armale and Gills, both state correctional officers at RJD, violated his constitutional rights while he was incarcerated there in June 2016. *See* ECF No. 13 at 5-9. So construed, the Court found Plaintiff's Amended Complaint "contains Eighth Amendment claims sufficient to survive the 'low threshold' for proceeding past the sua sponte screening" required by 28 U.S.C. § 1915A(b), but also noted that he "remain[ed] responsible for effecting service of the summons and his Amended Complaint." *Id.* at 8-9. And while the Court tolled Fed. R. Civ. P. 4(m)'s 90-day time period for service while it conducted its mandatory screening, *id.* at 9 (citing *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014)), it ordered Plaintiff to either: 1) file a written request to the Clerk to issue a summons as to Defendants Armale and Gills so that he might use to effect service of his Amended Complaint within 90 days, <u>or</u> 2) file a written request that the Court order service be effected on his behalf by the United States Marshal or deputy marshal pursuant to Fed. R. Civ. P. 4(c)(3). *See* ECF No. 13 at 10.

Plaintiff has since filed a Motion Requesting U.S. Marshal Service (ECF No. 15), and has renewed his previous Motion for the Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 17).

**I.   Renewed Motion to Appoint Counsel**

On August 14, 2017, the Court denied Plaintiff's initial Motion to Appoint to Counsel because he failed to submit an affidavit sufficient to show he was indigent pursuant to 28 U.S.C. § 1915(a) & (b), and because his pleadings at the time failed to demonstrate he was unable to articulate the factual basis for his claims in pro se, and failed to show he was likely to succeed on the merits. *See* ECF No. 6 at 3-4 (citing 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)).

Plaintiff's renewed Motion now contains an affidavit in which he attests to have only $1,082.53 in his inmate trust account, and no other assets or income with which to retain counsel. *See* ECF No. 17 at 3. However, while sufficiently impoverished, Plaintiff nevertheless fails to demonstrate the exceptional circumstances required to warrant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (noting that while district courts enjoy the discretion to appoint counsel in civil cases for indigent persons, that discretion may be exercised only in "exceptional circumstances."). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

As the Court noted in its June 21, 2018 screening Order, Plaintiff's Amended Complaint alleges facts sufficient to state a plausible claim for relief as to his Eighth Amendment claims against Defendants Armale and Gills. These alleged constitutional violations are typical in prison litigation, straightforward, and not demonstrably complex. *See* ECF No. 13 at 5-9; *Terrell*, 935 F.2d at 1017; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Moreover, while Plaintiff has adequately pleaded a factual basis in support of his claims, he has not yet shown he is likely to succeed on the merits at this initial stage of the proceedings. *Id.*; *see also Rademaker v. Paramo,* No. 3:17-CV-02406-BTM-JLB, 2018 WL 3303172, at *1 (S.D. Cal. July 5, 2018) (denying appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because "at th[e] early stage when the parties have not yet completed discovery and have not proffered any evidence to the Court in support of their claims, the Court cannot determine whether or not Plaintiff is likely to succeed on the merits.") (citing *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993)).

For these reasons, the Court DENIES Plaintiff's renewed Motion to Appoint Counsel (ECF No. 17) without prejudice pursuant to 28 U.S.C. § 1915(e)(1).

## II. Motion for U.S. Marshal Service

As noted above, the Court has found Plaintiff's Amended Complaint sufficient to state plausible Eighth Amendment claims for relief as to Defendants S. Armale and W. Gills, both alleged to be correctional officers employed at RJD in June 2016, and to have caused Plaintiff's injury. *See* ECF No. 13 at 7-9. Were Plaintiff proceeding IFP pursuant to 28 U.S.C. § 1915(a), the Court would have automatically directed the U.S. Marshal to effect service upon his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.").

Plaintiff is *not* proceeding IFP in this case; however, he has since submitted an affidavit attesting as to his poverty despite his having previously prepaid the $400 civil filing fee, *see* ECF No. 17 at 3; *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost during the course of the litigation.") (citations omitted), *vacated on other grounds by Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995), and he has filed a Motion requesting that the United States Marshal effect service of the summons and his Amended Complaint upon Defendants Armale and Gills on his behalf. *See* ECF No. 15; Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court."). Good cause having now been shown, the Court GRANTS Plaintiff's Motion for U.S. Marshal Service pursuant to Fed. R. Civ. P. 4(c)(3) (ECF No. 15).

## III. Conclusion and Orders

In conclusion, the Court:

1) **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 17) without prejudice, but **GRANTS** his Motion Requesting Court-Ordered U.S. Marshal Service pursuant to Fed. R. Civ. P. 4(c)(3) (ECF No. 15]).

2) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Amended Complaint (ECF No. 8) upon Defendants S. ARMALE and W. GILLS and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the

Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Amended Complaint, and the summons so that he may serve them upon Defendants ARMALE and GILLS. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be served*, *see* S.D. CAL. CIVLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3) **ORDERS** the U.S. Marshal to serve a copy of the Amended Complaint and summons upon Defendants ARMALE and GILLS as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

4) **ORDERS** Defendants ARMALE and GILLS, once served, to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants ARMALE and GILLS, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed

with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: November 12, 2018

_____
Hon. Barry Ted Moskowitz, Chief Judge
United States District Court