UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LUCERO,<br>CDCR #V-33131,<br><br>                      Plaintiff,<br><br>vs.<br><br>S. ARMALE, Correctional Officer;<br>W. GILLIS, Officer,<br><br>                      Defendants. | Case No.: 3:17-cv-00957-BTM-RBB<br><br>**ORDER:**<br><br>**1) GRANTING MOTIONS REQUESTING COURT ASSISTANCE AND FOR EXTENSION OF TIME**<br>**[ECF Nos. 25, 26]**<br><br>**AND**<br><br>**(2) RE-DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS ARMALE AND GILLIS PURSUANT TO**<br>**Fed. R. Civ. P. 4(c)(3)** |

  Jason Lucero ("Plaintiff"), currently incarcerated at the California Health Care Facility ("CHCF") in Stockton, California, is proceeding pro se in this case, and has filed an Amended Complaint against two correctional officers at Richard J. Donovan Correctional Facility ("RJD") in San Diego.[1] *See* ECF No. 8. Unlike most prisoners,

---

[1] Plaintiff was incarcerated at California State Prison—Sacramento ("CSP-SAC") in Represa, California, when he first initiated this civil action 2½ years ago. *See* Compl., ECF No. 1 at 1. By the time he filed his

1

Plaintiff is *not* proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)—he has instead prepaid the $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a). *See* ECF Nos. 9, 11.

## I. Procedural Background

On June 21, 2018, the Court screened Plaintiff's Amended Complaint sua sponte as required by 28 U.S.C. § 1915A, and liberally construed his claims to arise under 42 U.S.C. § 1983, as opposed to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because he alleges Defendants Armale and Gills, both state correctional officers at RJD, violated his constitutional rights while he was incarcerated there in June 2016. *See* ECF No. 13 at 5-9. So construed, the Court found Plaintiff's Amended Complaint "contains Eighth Amendment claims sufficient to survive the 'low threshold' for proceeding past the sua sponte screening" required by 28 U.S.C. § 1915A(b), but also noted that he "remain[ed] responsible for effecting service of the summons and his Amended Complaint." *Id.* at 8-9. And while the Court tolled Fed. R. Civ. P. 4(m)'s 90-day time period for service while it conducted its mandatory screening, *id.* at 9 (citing *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014)), it ordered Plaintiff to either: 1) file a written request to the Clerk to issue a summons as to Defendants Armale and Gills so that he might use them to effect service of his Amended Complaint within 90 days, or 2) file a written request that the Court order service be effected on his behalf by the United States Marshal or deputy marshal pursuant to Fed. R. Civ. P. 4(c)(3). *See* ECF No. 13 at 10.

---

Amended Complaint on January 9, 2018, Plaintiff had been transferred to Salinas Valley State Prison in Soledad, California. *See* ECF No. 8 at 1. While he has not filed a formal change of address in conjunction with his current Motion, the Court notes that he mailed it from CHCF in Stockton. *See* ECF No. 25 at 5. After confirming that Plaintiff is indeed now incarcerated at CHCF, the Court has directed the Clerk of the Court to amend the docket to include Plaintiff's current address. *See* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=V33131 (last visited Oct. 21, 2019). Plaintiff is cautioned, however, that it is his duty to "keep the court and opposing parties advised as to his current address." *See* S.D. Cal. CivLR 83.11(b).

Thereafter, Plaintiff filed both a Motion Requesting U.S. Marshal Service and a renewed Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). *See* ECF Nos. 15, 17. On November 14, 2018, the Court denied Plaintiff's request for appointment of counsel, but granted his Motion for U.S. Marshal service pursuant to Fed. R. Civ. P. 4(c)(3). *See* ECF No. 18. The Court directed the Clerk of the Court to issue a summons as to Plaintiff's Amended Complaint, and ordered Plaintiff to provide the U.S. Marshal with the information necessary to serve Defendants Armale and Gillis within the time provided by Fed. R. Civ. P. 4(m). *See id.* at 5-6. On December 10, 2018, the Clerk provided Plaintiff with material necessary to effect service via the U.S. Marshal. *See* ECF Nos. 19-20.

On August 27, 2019, after waiting eight full months for Plaintiff to serve Defendants Armale and Willis via the U.S. Marshal without response, the Court ordered Plaintiff to show cause ("OSC") why his case should not be dismissed for failure to serve and/or prosecute pursuant to Fed. R. Civ. P. 4(m) and S. D. Cal. Civil Local Rule 41.1. *See* ECF No. 21; *see also* Fed. R. Civ. P. 5(d); S. D. Cal. CivLR 5.2 ("Proof of service of all papers required or permitted to be served, … must be filed in the clerk's office promptly and in any event before action is to be taken thereon by the court or the parties."); S.D. Cal. CivLR 41.1a. ("Actions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution[.]").

On September 20, 2019, and in response to the Court's OSC, Plaintiff filed a Motion for Extension of Time. *See* ECF No. 22. On September 23, 2019, the Court granted Plaintiff's Motion, and directed him to either file proof of service, or another motion for extension of time pursuant to Fed. R. Civ. P. 4(m), no later than October 21, 2019. *See* ECF No. 23.

On October 15, 2019, and October 18, 2019, respectively, Plaintiff filed a "Motion Requesting Assistance in Effecting Service on Defendants," and a "Motion for Extension

of Time." *See* ECF Nos. 25, 26. He asks the Court to re-issue the materials he needs in order to serve Defendants Armale and Gillis, and requests an extension of time in which to do so because he has been assigned to the CHCF acute crisis unit, lacks access any law library, must solicit all supplies "via mail," and was separated from all of his property, including copy of his complaint and the "service packet" the Court previously provided to him, as the result of a cell search. *See* ECF Nos. 25 & 26 at 1.

**II.    Discussion**

Rule 4 of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).

As the Court noted in its August 27, 2019 OSC, the 90 days provided by Fed. R. Civ. P. 4(m) to effect service has elapsed in this case; and no proof of service upon any Defendant has yet to be filed. *See* Fed. R. Civ. P. 4(*l*)(1) ("[P]roof of service must be made to the court."); S.D. Cal. CivLR 5.2; *Walker v. Sumner,* 14 F.3d 1415, 1421-22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service, the court's *sua sponte* dismissal of those unserved defendants is appropriate under Fed. R. Civ. P. 4(m)). However, the district court has broad discretion under Rule 4(m) to extend time for service upon a showing of good cause even after the service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

4

Here, the Court finds Plaintiff's mental illness and serial transfers between CDCR facilities over the course of this litigation are sufficient to show good cause to extend the time permitted for Plaintiff to execute service in this case. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) ("'[S]trict time limits ... ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines.") (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)). Prosecution has stalled for more than two years, however, and Plaintiff's claims against Defendants Armale and Gillis are alleged to have arisen in June 2016—more than three years ago. Therefore, Plaintiff is hereby cautioned that *no additional extensions of time pursuant to Fed. R. Civ. P. 4(m) will be granted.* While a court's discretion under Rule 4(m) is broad, "no court has ruled that the discretion is limitless." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

### III. Conclusion and Orders

Accordingly, the Court hereby:

1) **GRANTS** Plaintiff's Motion Requesting Court Assistance in Effecting Service (ECF No. 25) and Motion for Extension of Time (ECF No. 26) and finds good cause to extend the time in which he must serve Defendants Armale and Gillis pursuant to Fed. R. Civ. P. 4(m).

2) **DIRECTS** the Clerk of the Court to provide Plaintiff with an additional "IFP Package" consisting of: (a) this Order; (b) the Court's November 14, 2018 Order Directing U.S. Marshal Service as to Plaintiff's First Amended Complaint (ECF No. 8); (c) three certified copies of Plaintiff's Amended Complaint; (d) a re-issued summons as to Plaintiff's Amended Complaint; and (e) two blank USM Form 285s for Plaintiff's use in serving Defendants Armale and Gillis.

3) **ORDERS** Plaintiff to complete, as accurately and clearly as possible, the new USM Marshal Form 285s provided to him, to include an address where Defendants Armale and Gillis may be served, *see* S.D. Cal. CivLR 4.1(c), and to return them,

///

5

3:17-cv-00957-BTM-RBB

together with the Clerk's re-issued summons and two copies of his Amended Complaint, to the U.S. Marshal **no later than November 22, 2019**.

4) **ORDERS** the U.S. Marshal or a deputy marshal, within 30 days of receiving Plaintiff's completed USM Form 285s, **but in no event later than December 23, 2019**, to effect service of his Amended Complaint and summons upon Defendants Armale and Gillis as directed by Plaintiff, and to thereafter file proof of that service, or proof and explanation as to the reasons why service was *not* executed, with the Clerk of the Court. All costs of service will be advanced by the United States pursuant to the Court's November 14, 2018 Order directing service pursuant to Fed. R. Civ. P. 4(c)(3). *See* ECF No. 18.

5) **ORDERS** Defendants Armale and Gillis, once they have been served, to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

6) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

///
///

1  Any document received by the Court which has not been properly filed with the
2  Clerk or which fails to include a Certificate of Service upon the Defendants, or their
3  counsel, may be disregarded.
4  **IT IS SO ORDERED**.

6  Dated:  October 24, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge